## No. 11,360.

### MRS. SYLVANIE B. DENEGRE VS. DAVID MUSHET.

A motion to dismiss an appeal on the ground that the necessary parties have not been cited will be denied when all the parties to the record interested in maintaining the judgment are parties to the appeal.

In case property is sent to sale under a senior mortgage and there remains a surplus after the claim of the first mortgagee has been paid, the purchaser is entitled to retain it and pay it over to the subordinate mortgagees when they present themselves.

A creditor holding a judicial mortgage only has no claim to, or right upon this surplus, and is without right to call other creditors holding *special* mortgages into court for the purpose of discussing or distributing it. Much less has he the right to interplead in the original executory proceedings and compel the appearance of *special* mortgagees to try the *validity* of their demands with the purpose and object of having their nullity pronounced to the effect that his own be *advanced* to *first* in rank, and thus to be preferred in receiving payment.

Such a proceeding is not a *concursus*, but has the features of a revocatory action, and is amenable to the prescription of one year.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

W. S. *Benedict* and *Robt. G. Dugué* for Plaintiff in Rule, Appellee:

All claims to the proceeds of a judicial sale must be referred to the court under whose authority the money was realized to class the mortgages and privileges according to their rank, in a summary manner. R. S. 1942; C. P. 126.

The proceeding is a sort of concursus, where every creditor is plaintiff and defendant, the several claims being open to every objection of law and fact, such as minority, fraud, simulation, etc. 11 An. 386, 671; 40 An. 149.

The holder of a mortgage which is assailed by an opposing creditor must establish its validity.

When notes secured by mortgage, which have once been issued by the maker, return into his possession, the mortgage is extinguished by confusion and can not be revived by a subsequent reissue of the notes after maturity. 19 An. 260; 4 R. 416; 20 An. 264.

*Guy M. Hornor* for Defendant and Appellant:

Simulation must be specially alleged. Clarke vs. State Bank of Alabama, 3 An. 325; Spicer et al. vs. Lewis et al , 7 Martin, p. 221; Long vs. Klein, 35 An. 385; Chopin & Legendre vs. Blanc & Legendre, 25 An. 35.

The revocatory action is prescribed by the lapse of one year. Civil Code, 1987 and 1994; 31 An. 592; 24 An. 246; Conte vs. Cain, 33 An. 965; Morris vs. Cain, 39 An. 712 and 721.

" When an actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale, the transaction is not a simulated one." Brown, Administratrix, vs. Brown, 30 An., p. 966; Renshaw vs. Dowty, 39 An., p. 608; Pochelu vs. Catonnet, 40 An. 327.

" A mortgage may be given for an obligation which has not yet arisen into existence." Civil Code, 3292; Morris vs. Cain, 39 An. 712 and 729; Brown vs. Pickersgill, 7 An. 297; Levy, Jr., vs. Ford, 41 An. 873; Gardner & Co. vs. Maxwell, 27 An. 561; D'Meja vs. Generes, 22 An. 286.

· " It is not necessary that the mortgage should be given by the person contracting the principal obligation; it may be given for the contract of a third person." Civil Code, 3295, 3297, 3298; 1st An. 62; Elbert and Husband vs. Wallace & Co., 26 An. 706 and 707.

" A promise to the creditor to pay the debt of another is binding, and requires no consideration but the original debt." Railroad Co. vs. Chapman, 8 An. 97.

## ON MOTION TO DISMISS.

The opinion of the court was delivered by

BREAUX, J.   The testamentary executor of the late Henry Shepherd, claiming a preference under a mortgage, sued out a rule for the cancellation of certain mortgages appearing of record as first in rank and specially alleged that certain taxes were claimed as privileges in favor of the city of New Orleans and of the State of Louisiana against the property seized, on which his mortgage bore; that these taxes, save those for the year 1892, were not due.

An order issued to the present appellant, to the State Tax Collector for the First District of New Orleans, to the recorder of mortgages and the civil sheriff, to show cause why the mortgages and taxes should not be erased and the mover paid from the proceeds of sale in the sheriff's hands, and it was further ordered that the sheriff in the meantime retain possession of the funds.

Service of the rule was made on the city of New Orleans, the State of Louisiana, and on W. A. Gordon, the appellant.

The sheriff and the recorder of mortgages were not notified.

After legal hearing judgment was pronounced ordering the erasure of the mortgages and the payment of the proceeds as prayed for.

William A. Gordon, one of the defendants in rule above, appeals.

Denegre vs. Mushet.

In his petition for an appeal he prays that citation of appeal be served on the plaintiff in rule, and appellee and he alone has been cited to answer the appeal.

. The appellee has moved to dismiss on the ground that the necessary parties have not been cited, and this through the fault of the appellant.

During the trial of the rule in the lower court it was proven that a considerable sum was due for taxes on the property seized.

The proposition that all parties to the record interested in maintaining the judgment must be made parties to the appeal, that all who are not appellants are appellees, and that all the appellees must be cited or the appeal will be dismissed, can not reasonably be controverted.

The question arising on the motion to dismiss relates exclusively to the interest of the Tax Collector and must be solved by reference to the possibility *vel non* of a decision on the merits affecting that interest in any manner.

It is well settled in jurisprudence that no appeal will be dismissed unless the appellee shows that he is clearly entitled to that relief.

The appellee on the trial below proved the amount of the taxes and showed that they had been paid.

Upon that evidence the court *a qua* ordered the sheriff to pay the taxes due.

It was a *pro forma* order, for they had already been paid.

The mover and appellee has acquiesced in the judgment appealed from in so far as relates to taxes.

The appellant has not contested their validity.

The claim for taxes, and their payment, does not present a single issue to be decided. That matter is at rest.

The State of Louisiana and the city of New Orleans in the matter of taxes have no interest in the success of the appellant or the appellee.

The sheriff was the holder of the funds, and was ordered to pay the taxes. He is not a party to these proceedings.

If the order to pay can be revoked at all it can be revoked only in proceedings contradictorily with him.

His action in paying raises no issue.

All parties acquiesce in the payment as made by him.

. The State and city of New Orleans are not placed under the neces-

sity of proving the correctness of the judgment in accordance with which payment was made.

The motion therefore fails.

Mr. Justice Parlange takes no part.

### ON THE MERITS.

WATKINS, J.   The plaintiff, under executory proceedings, caused the property of defendant to be seized and sold, and at the sale a sufficient amount was realized to pay his debt with interest and cost, and leave a surplus of $2691.14 in the sheriff's hands, same constituting the matter of controversy in this suit.

Contemporaneously therewith another executory proceeding was begun on a mortgage second in rank, under the title of Wm. A. Gordon vs. David Mushet, against the same property; and it was also seized under a *fi. fa.* under a judgment entitled Henry Shepherd vs. Fairchild & O'Brien *et als.*, the defendant here being one of the parties defendant there.

Subsequent to the sale of the property, R. D. Shepherd, as testamentary executor of Henry Shepherd—plaintiff in the suit and judgment last mentioned—took a rule on Wm. A. Gordon, plaintiff in the executory proceedings above mentioned, the State Tax Collector, and the recorder of mortgages.   For certainty of statement we have reproduced it from the brief of the counsel for Gordon, as follows, viz.:

" On motion of R. D. Shepherd, testamentary executor of Henry Shepherd, and on suggesting he is a judgment creditor of David Mushet herein in the sum of $6000, interest and costs, and that certain property belonging to David Mushet has been sold herein by plaintiff under a first mortgage.

" And on further suggesting the following mortgages appear inscribed against said property prior to that of your mover, namely:

" 1. One in favor of Wm. E. Huger, book 328, folio 591, for $1500, by act before Charles G. Andry, notary, on the 14th of May, 1887, and recorded on same day.

" 2. One in favor of Wm. E. Huger, book 372, folio 325, for $1500, by act before Chas. G. Andry, notary, May 8, 1888, recorded on the 9th of May, 1888.

" 3. One in favor of Wm. A. Gordon, book 372, folio 327, for $2500, by act of 9th of May, 1888, recorded 10th of May, 1888.

"4. And that certain taxes are claimed as privileges against said property as due and owing to the city of New Orleans and the State of Louisiana.

"And on further suggesting that said purported mortgages, two for $1500 each and one for $2500, are not due or owing by said property, or by said David Mushet, and the recordation of same in the mortgage office deprives your mover of his rights as first judgment creditor, to be paid out of the proceeds of sale after the payment of the first mortgage.

"And on further suggesting, said proceeds of sale amount to the sum of $11,525, in the hands of the civil sheriff of this parish, who threatens, unless stayed, to pay said purported mortgages.

"And on further suggesting that all taxes as against said property, save and except those for the year 1892, are not due or owing by said property.

"It is ordered by the court that William A. Gordon, the State Tax Collector for the first district of this city, the city of New Orleans, and the recorder of mortgages, the civil sheriff, do show cause on the 25th day of July, 1893, at 11 o'clock A. M., why said mortgages and taxes should not be erased and canceled, and why your mover should not be paid from the proceeds of sale in the sheriff's hands, to the extent thereof in the amount of the judgment as aforesaid, and that in the meantime the said sheriff do hold in his hands the said proceeds of sale after the payment of the first mortgage, for which said property was sold, to abide the further orders of the court."

It appears that notwithstanding all parties named except the sheriff were duly cited, only Gordon appeared and filed an answer, which is as follows, to-wit:

"*First*—That said rule does not set forth why said mortgages are not due and owing by said property or by David Mushet.

"*Second*—That said mortgages having been recorded more than two years before the judgment held by Henry Shepherd became final, the said testamentary executor of Henry Shepherd can not now contest the validity of the said mortgages.

"*Third*—That the action of Henry Shepherd, or his executor, on his rule herein is prescribed, his action being limited by the articles of the Civil Code to one year from the time he obtained judgment against said David Mushet, and exceptor therefore pleads the pre-

scription of one year in bar of the action of the plaintiff in rule herein.

"*Fourth*—Exceptor pleads the prescription of five years."

During the progress of the trial, the plaintiff in rule filed the following plea of prescription, viz.:

" The plaintiff in rule, without admitting that the note of $1500, dated May 14, 1887, or the pretended mortgage which purports to secure it, ever had any legal existence, now says that if the same were valid originally, which is denied, the note is now prescribed and the mortgage extinguished.

" Wherefore, reserving all his other pleas and defences herein, the plaintiff in rule now pleads, under the express reservation herein contained, the prescription of five years against the said note and mortgage."

And after regular submission and argument the judge *a quo* rendered the following judgment, viz.:

" It is ordered, adjudged and decreed that the rule herein filed on July 19, 1893, by Rezin D. Shepherd, as testamentary executor of Henry Shepherd, be and the same is hereby made absolute; that the judicial mortgage of the late Henry Shepherd against David Mushet, recorded against the property herein sold, on May 23, 1890, in mortgage book 421, folio 20, has precedence over the mortgage granted by David Mushet in favor of Wm. E. Huger, on May 14, 1887, by act before C. G. Andry, notary public, to secure $1500, interest and costs, etc., recorded on the same day, and over the mortgage granted by the same in favor of the same on May 8, 1888, by act before the same notary, to secure $1500, interest and costs, etc., recorded May 8, 1888, and over the mortgage granted by the same in favor of W. A. Gordon, on May 9, 1888, by act before the same notary, to secure $2500, interest, costs, etc., recorded May 10, 1888; and accordingly the civil sheriff, Victor Mauberret, is hereby ordered, after paying out the proceeds of the sale herein made, the taxes due on the property herein sold and the full amount of the writ under which it was sold, to pay over the surplus of the said proceeds to the succession of Henry Shepherd, represented by the said Rezin D. Shepherd, on account of its said judical mortgage, the whole to the exclusion of and by preference over the defendant in rule, William A. Gordon, and all other persons."

It is from this judgment that the defendant in rule has appealed.

The serious question in this case is raised on the plea of one year's prescription that is urged in the answer of defendant in rule, and directed against the proceeding of the executor of Shepherd, as a revocatory action.

This contention is resisted by counsel for the plaintiff in rule—his insistance being that this is neither a revocatory action nor one *en declaration de simulation*, but that it partakes of the nature of a *concursus* or tableau of distribution.

They say in their brief, viz.:

"This is not a revocatory action, nor one *en declaration de simulation*. The appellant is mistaken when he says we urged, in the lower court, that it was the latter. It is a summary proceeding under which all parties claiming rights to a fund realized by judicial process are called to appear before the court under whose order the fund was realized, to assert the validity of their respective claims and counter-claims over it. The court passes upon the issues according to the facts disclosed on the trial of the rule, and classes the privileges and mortgages in a summary manner according to their rank. R. S. 1942; C. P. 126.

"The proceeding partakes of the nature of a *concursus*, and resembles a tableau of distribution to which oppositions have been filed, which 'are open to every objection of law and fact, such as minority, fraud, simulation, etc. In case of surprise a remedy may be afforded by a continuance, or even a new trial.' Succession of Lerude, 11 An. 386, 671; 40 An. 149."

But in the determination of this question we must be guided by the pleadings, taken as a whole, and not by the character of the rule the plaintiff has elected to adopt.

While it is true that plaintiff's rule purports to have been taken in the executory proceedings of Denegre vs. Mushet, yet it is a fact that neither of the parties who were cited to answer the rule were parties to said executory proceedings; and neither the plaintiff in the executory proceedings nor the sheriff holding the writ of seizure and sale were *cited* as parties to the rule.

After enumerating the mortgages that appear of record and as having been inscribed against the property *previous* to his own, plaintiff in rule alleges "that said purported mortgages"—mentioning them—"*are not due or owing* by said property, or by said David Mushet, and the recordation of same in the mortgage office deprives

your mover of his rights as *first judgment creditor*, to be paid out of the proceeds of sale after payment of the first mortgage."

The provisions of the Revised Statutes upon which the plaintiff's counsel place their reliance are as follows, viz.:

"Whenever a conflict of privilege arises between creditors, all the suits and claims shall be transferred to the court by whose mandate the property was first seized, either in *mesne process* or on execution, and the said court shall proceed to *class* the privileges and mortgages, *according to their rank*, in a summary manner, after notifying the parties interested." R. S., Sec. 1942. (Our italics.)

It is only "*a conflict of privilege*" between creditors that this statute comtemplates, or which authority is thereby conferred upon courts to classify, "according to their rank," in the summary manner pointed out; it does not purport to give the courts jurisdiction to *summarily* adjudge the *validity of debts* which are secured by privileges or mortgages, and by that means to displace one and advance the rank of another. It does not purport to authorize *mere strangers to the principal litigation* to be thus summarily coerced into court and compelled to submit their claim to investigation and judgment on simple rule without their having resorted to any judicial proceedings looking to the assertion of any claim on the proceeds of sale in the possession of the court.

. The article of the Code of Practice cited is couched in precisely similar terms. Art. 126.

But conceding for the argument that plaintiff's construction of these provisions of law is correct, yet it is impossible for a *concursus* to have been created under the facts of this case—the sale of the defendant's property having been made under the mortgage *first in rank*, the *purchaser was entitled to retain and* "*apply the surplus of the price * * * to paying the special mortgages existing on the property subsequent to that of the suing creditor*" (C. P. 707), and, consequently, the sheriff was not entitled to its custody.

And, in so far as the general, judicial mortgage of the plaintiff is concerned the sale was made subject to it. C. P. 679, 710.

The purchaser at sheriff's sale was not cited nor made a party to the plaintiff's rule.

The case of Hibernia National Bank vs. Smith, 27 An. 59, presents a somewhat similar question—though it was a direct action instituted by *purchasers* of the mortgaged property at sheriff's sale made in

7*

foreclosure proceedings in the collection of *one* of a series of several notes secured by the same mortgage, they. having "retained in their hands the remainder (of the price) to pay prior encumbrances." The suit was accompanied by an injunction, and it had for object the prevention of a sale sought .to be made in executory proceedings by the concurrent mortgagees. Of these proceedings the court said, that the various holders of the concurrent mortgage notes "under which the property was sold were made parties to a kind of *concursus.*"

In Morris vs. Cain, 34 An. 657, in which, among other things, Lobe & Co., as intervenors, claimed the right, as *purchasers* of the mortgaged property, to have certain other mortgages thereon canceled and erased.

Of the character of this proceeding the court said: "We have no *concursus* before us." And in treating of their right to proceed as they had done, they further say:

"There can be no doubt that a *purchaser* at a judicial sale has the right of disencumbering the property adjudicated to him in the same manner as the expropriated owner could have done had he not been divested of ownership by the seizure and sale—that is, by paying the creditors, to secure whose claims the property was burdened. But although this right is coextensive, it is not greater, and the obligation of payment to which the purchaser may have subjected himself by retaining a portion of the price is not the same. * * * What the rights or claims may be which creditors interested in the amount retained may have, we are not called upon to declare in this controversy, and we shall abstain from doing so.

"Whatever that right and whatever the mode be in which it can be exercised, the order obtained on the proceedings instituted by Lobe & Co., which we would be made to view as an *interpleader*, is not sanctioned by law or precedents"—citing various authorities.

The case of Tessier vs. Bourgeois, 38 An. 256, is founded on a rule taken by the administrator of the succession of the mortgagor on the purchaser of the mortgaged property to turn over the surplus of the proceeds after paying off the claim of the ranking mortgage creditor by whom the sale was obtained, all of the other and junior mortgagees consenting and participating.

The court held that in such case the purchaser's right to retain the proceeds could not be exercised, the holders of the junior special

mortgages having appeared and " asked to be paid out of the pro-
ceeds of the sale; and similar proceedings (having) been resorted
to by all the mortgage creditors, who have thus transferred their
rights from the thing to the proceeds."

Of these proceedings the court said:

"The record shows a *concursus* among all the creditors who could
possibly urge any mortgage claim against the property purchased
by defendant in rule, who have all transferred their respective and
adverse rights from the thing to the proceeds of sale."

The foregoing decisions make it clear that the instant case is not
one of *concursus*. It does not possess any of the essential elements
of a *concursus*. The plaintiff in rule is only a judicial mortgage
creditor, altogether without interest in the surplus of proceeds; and
the purchaser under the senior special mortgage was not made a
party.

Giving to the rule its widest possible scope—and it is manifestly
irregular and wanting in essential averment—it must be viewed as a
revocatory action pure and simple. It is not an action *en declaration
de simulation* in any sense. Viewed in this light it is evident that
the defendant's plea of prescription of one year, as against a revoca-
tory action, is good and should have prevailed in the court *a qua* (R.
C. C. 1994) ; for it declares that " the action given by this section is
limited to one year; if brought by a creditor individually, to be
counted from the time he has obtained a judgment against the
debtor."

The judgment rendered against the defendant, Mushet, in the case
of Henry Shepherd vs. Fairchild & O'Brien et al. bears date May 14,
1890, and plaintiff's rule was filed on the 19th of July, 1893, and con-
sequently more than the prescriptible length of time had expired at
that date.

In the opinion or decree of the judge *a quo* nothing appears to in-
dicate his views on this question, he having apparently assumed the
position of the plaintiff to be the correct one and dealt with the mer-
its alone, making no mention whatever of the defendant's plea of
prescription.

It is our deliberate conviction that the plea of prescription should
have been maintained, and that the judgment appealed from should
be reversed.

It is therefore ordered, adjudged and decreed that the judgment

State ex rel. Brewing Co. vs. Judge.

appealed from be reversed and annulled; and it is further ordered and decreed that there be judgment in defendant's favor, taxing all costs of both courts against the plaintiff and appellee.

Mr. Justice McEnery, not having heard the argument, takes no part.

Mr. Justice Parlange recuses himself, having been consulted as counsel.